ALBION B. GEE *vs.* FRANK G. PATTERSON.

*What justifies arrest on mesne process for debt.*

In an action for false imprisonment of the plaintiff, procured by the defend-
ant's affidavit that he believed the plaintiff was about to leave the State,
&c., (under R. S., c. 113, § 2,) a verdict for the plaintiff will not be set aside
as against the weight of evidence, if it be apparent that the defendant did ac-
tually believe these statements in his affidavit, unless it be also evident that he
had reason so to believe.

A verdict of $600 held not plainly excessive in this case.

ON MOTION FOR A NEW TRIAL, because the verdict of $600 for
the plaintiff was against the weight of evidence and excessive.

Mr. Gee was arrested December 11, 1872, upon a writ in favor
of the defendant, in an action upon an account annexed for $580,
upon Mr. Patterson's affidavit, under R. S., c. 113, § 2, that he
had reason to believe and did believe that Mr. Gee was about to
depart and reside beyond the limits of this State, &c. Gee, called
as a witness in his own behalf, testified that he was arrested at
Yarmouth just as he was leaving the hotel after supper to go to
the hall where he had a dancing school; that he had seven or
eight schools in different towns in Maine, which began in October
and November, 1872, and were to continue three months, i. e.,
giving one lesson per week to each school for twelve weeks; that
for eighteen years he had lived in Bridgton and still resided there,
and (in December, 1872) had no intention of leaving the State.
He introduced a very severe and threatening letter written to him
June 13, 1872, by the defendant, to whom (he said) he was not
indebted. The defence introduced testimony showing that Gee
had been at Conway, N. H., one boarding season with his family,
and at the Glen House, N. H., himself another summer, and had
said he was going away to get business, and Patterson testified
that, when he made his affidavit, he verily believed its statements
to be true, from all he could learn of the facts.

Mr. Gee was carried to Portland and put in jail, despite offers of security for his appearance the next day, and was arbitrarily treated in other particulars.

*S. C. Strout & H. W. Gage,* for the plaintiff.

*Bradbury & Bradbury,* for the defendant.

RESCRIPT.

Case, for damages alleged to have arisen from imprisonment on mesne process on contract—this defendant (the plaintiff in the original action) having made the oath prescribed in R. S., c. 113, § 2.

The jury returned a verdict for the plaintiff for $600, which the defendant moves to set aside for the alleged reasons that it is against the weight of evidence and that the damages awarded are excessive.

The jury must have found either that the defendant did not "have reason to believe," or did not "believe, that the plaintiff was about to depart and reside beyond the limits of the State" &c. Taking it for granted that the jury believed the defendant's testimony as to his actual belief, we do not think the testimony in relation to his "reason to believe" is so preponderant as to warrant us in disturbing the verdict for that reason.

Nor can we say under all the circumstances disclosed by the evidence—the time and manner of arrest and the animus shown by the defendant's letter—as well as by the evidence of actual injury—that the damages are excessive.      *Motion overruled.*